UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | ) | |
|---|---|---|
| ROY A. DAY, | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00286-JAW |
| | ) | |
| LORNA R. GREY, et al., | ) | |
| | ) | |
|     *Defendants* | ) | |

## *ORDER STAYING CASE*

Referred to me by the court are the plaintiff's motions for leave to proceed *in forma pauperis* and for service on the defendants. *See* ECF Nos. 2-3. Because, subsequent to filing those motions, and his simultaneous complaint, the plaintiff appealed this court's dismissal without prejudice of a prior nearly identical action, I stay this case pending the outcome of that appeal.

### I. Factual Background

On June 3, 2016, the plaintiff, proceeding *pro se*, filed suit against Lorna R. Grey, Kenneth Grey, Geico General Insurance Company ("Geico"), and 21st Century Centennial Insurance Company ("21st Century"), alleging that on April 29, 2016, the Greys deliberately drove their car into his, which was parked in a library parking lot in Florida, causing him pain and suffering as well as economic loss. *See generally* Complaint (ECF No. 1), *Day v. Grey* ("*Day I*"), No. 2:16-cv-00275-JAW (D. Me.). He invoked diversity jurisdiction, alleging that he resides in Florida, the Greys reside in Maine, Geico is a Washington, D.C., corporation, 21st Century is a Delaware corporation, and he sought damages in a sum exceeding that required to confer jurisdiction. *See id*. ¶¶ 1-5, 28.

On July 28, 2017, the court dismissed *Day I* without prejudice, *see* Judgment of Dismissal (ECF No. 28), after the plaintiff "failed to comply with the Court's orders requiring him to supply the Clerk's Office with the names and addresses of the Defendants for service of the summons and complaint," as well as choosing "a state forum as a 'more compatible court' to proceed with this same lawsuit" and electing "to cast aspersions against the judges of this Court rather than comply with their orders[,]" Order on Motion To Stay and Affirming Dismissal of Complaint (ECF No. 27).

On July 31, 2017, the next business day, the plaintiff, proceeding *pro se*, initiated this suit ("*Day II*") by filing an amended version of his complaint in *Day I*. *Compare* Complaint (ECF No. 1), *Day II with* Complaint, *Day I*. On the same day, he also filed his motions for leave to proceed *in forma pauperis* and for service of his complaint. *See* ECF Nos. 2-3, *Day II*. From August 4, 2017, through August 16, 2017, he filed four successive motions for an emergency ruling on his motion for service, *see* ECF Nos. 4-7, *Day II*, all of which I denied on August 16, 2017, cautioning that "neither [the plaintiff's] name-calling, which has no place in federal court, nor his now-daily re-filing of his motion for emergency ruling is appropriate" and observing that his pending motions would be addressed as the court's schedule permitted, ECF No. 8, *Day II*.

On August 19, 2017, the plaintiff filed an appeal of the judgment against him in *Day I* to the United States Court of Appeals for the First Circuit. *See* ECF No. 29, *Day I*.

## II. Discussion

Upon filing his appeal in *Day I*, the plaintiff revived that suit, effectively "splitting" his claims between two separate pending actions. That is an inefficient and impermissible approach to litigation. As this court has observed:

> A litigant with multiple related claims must not separate, or split, the claims into multiple, successive cases, but must include in the first action all of the claims that

> fall within the Court's jurisdiction. Claim-splitting is similar to, but notably different from res judicata. While claim-splitting and res judicata both promote judicial economy and shield parties from vexatious and duplicative litigation, claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting finality of judgments. In the claim-splitting analysis, the test is whether the first suit, assuming it were final, would preclude the second suit. When claim splitting occurs, a court may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.

*Perry v. Alexander*, 2:15-cv-00310-JCN, 2017 WL 3084387, at *3 (D. Me. July 19, 2017) (citations and internal quotation marks omitted).

In the *res judicata* context, it has been noted that the denial of the preclusive effect of *res judicata* while an appeal is pending "would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation." *In re Wisdom*, Case No. 11-01135-JDP, Adv. No. 13-06045-TLM, 2016 WL 1039694, at *16 (Bankr. D. Idaho Mar. 15, 2016) (citation, internal quotation marks, and footnote omitted).

In this case, the plaintiff was not barred by *res judicata* principles from bringing his second suit, the court having dismissed *Day I* without prejudice. *See, e.g., García-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 19 (1st Cir. 2005) ("a dismissal without prejudice is not a final adjudication on the merits for res judicata purposes"). Nonetheless, the plaintiff was not given leave to litigate two identical cases in this court simultaneously, and it remains "an absurd result" that he be permitted to do so.

*Day I* and *Day II* are, in all material respects, identical. If the First Circuit grants the relief sought by the plaintiff in *Day I*, it will preclude the continuation of *Day II*. If the First Circuit denies that relief, the plaintiff may proceed with *Day II* without splitting his claims.

While, as noted above, the court has the power in these circumstances to dismiss this suit, I decline to recommend that it do so. Instead, in the interests of justice and judicial economy, I stay this case pending the outcome of the plaintiff's appeal in *Day I*, avoiding any need for the plaintiff to refile this suit (yet again) if the First Circuit denies his appeal in *Day I*.

### III. Conclusion

For the foregoing reasons, this case is **STAYED** pending the outcome of the plaintiff's appeal in *Day I*. The Clerk's Office is **DIRECTED** to withdraw its referral to me of ECF Nos. 2 and 3 and to re-refer ECF Nos. 2 and 3 to me if the appeal in *Day I* is denied.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of September, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge