UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROY A. DAY,                    )
                               )
        Plaintiff              )
v.                             )    No. 2:17-cv-00286-JAW
                               )
LORNA R. GREY, et al.,         )
                               )
        Defendants             )

### ORDER ON MOTIONS FOR IN FORMA PAUPERIS STATUS AND SERVICE OF PROCESS AND RECOMMENDED DECISION ON 28 U.S.C. § 1915(e)(2) REVIEW

Before me for a second time are the plaintiff's motions for leave to proceed *in forma pauperis* and for aid in serving process on the defendants. *See* ECF Nos. 2-3. When those motions initially were referred to me, I stayed this case pending the outcome of the plaintiff's appeal to the First Circuit of this court's dismissal without prejudice of a nearly identical action, *Day v. Grey* ("*Day I*"), No. 2:16-cv-00275-JAW (D. Me.). *See* ECF No. 12. The First Circuit denied that appeal, issuing its mandate on December 27, 2017. *See* ECF Nos. 36-37, *Day I*. That effectively lifted the stay of the instant case ("*Day II*"), paving the way for it to proceed.

For the reasons that follow, I grant the plaintiff's request for leave to proceed *in forma pauperis,* recommend that the court allow the action to proceed after review under 28 U.S.C. § 1915(e)(2)(B), and, contingent on the court's acceptance of that recommendation, grant his motion for service, which I liberally construe to seek service on all four defendants.

### I. In Forma Pauperis Status

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

[T]he court shall dismiss the case at any time if the court determines that . . .

1

        (B) the action or appeal –
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

In his application to proceed without prepaying fees or costs, the plaintiff reports that he has monthly income of $694.00 in Social Security benefits and $59.00 in Social Security Income disability benefits, has $10.00 in a bank account, owns a 2016 Chevrolet Spark on which he owes $15,000.00, has approximately $1,200 in monthly expenses, and has credit card debt of $300,000. ECF No. 2, *Day II*. These financial circumstances entitle him to proceed *in forma pauperis*.

## II.    Section 1915 Review

The instant review does not end there, however. As noted above, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

While there are some differences between the complaints filed in *Day I* and *Day II*, *compare* Complaint (ECF No. 1), *Day I with* Complaint (ECF No. 1), *Day II*, the complaint in *Day II* passes muster for the same reasons as the complaint in *Day I, see* ECF No. 10, *Day I*, at 2-4.

Liberally read, the *Day II* complaint alleges that defendants Lorna R. Grey and Kenneth Grey, residents of Maine, intentionally drove their vehicle into the plaintiff's parked vehicle in the parking lot of the Hudson Library in Pasco County, Florida, on April 29, 2016, causing damage to the plaintiff's vehicle and other economic losses as well as mental pain/emotional distress to the plaintiff; that the plaintiff is a Florida resident; that defendant GEICO General Insurance Company ("GEICO"), an insurer with a principal place of business in Washington, D.C., is vicariously liable, as the insurer of the Greys' vehicle, for all damages caused by the Greys, and directly liable for retaliating against the plaintiff for filing a state "companion case"; and that defendant 21st Century Centennial Insurance Company ("21st Century"), the insurer of the plaintiff's vehicle with a principal place of business in the state of Delaware, is also vicariously liable for the plaintiff's damages as well as directly liable for its breach of contract in concealing the fact that the insurance policy covering the plaintiff's vehicle did not entitle him to "direct billing" for a rental car to replace the damaged, covered vehicle.

Against the individual defendants, the plaintiff seeks $100,000 in compensatory damages, Complaint, *Day II*, ¶¶ 4, 17, 20(a); $100,000 for emotional pain and suffering/emotional distress, *id*. ¶¶ 18, 20(b), 30; and $100,000 in punitive damages, *id*. ¶¶ 19, 20(c), as well as an order to cease and desist from alleged insurance scams, *id*. ¶ 20(d). On his vicarious liability claims against GEICO and 21st Century he seeks the same damages, but only if no award is made against the individual defendants. *Id*. ¶¶ 26-27, 33. For 21st Century's alleged breach of contract, he seeks $100,000 in compensatory damages and $100,000 for emotional distress. *Id*. ¶¶ 41(n)-(o). The

complaint implicates this court's jurisdiction under 28 U.S.C. § 1332, which requires that the amount in controversy in a case between citizens of different states exceed $75,000.

The complaint's bare demands for damages do not necessarily meet this threshold, even though the amount in controversy is generally determined from the face of the complaint, *Moss v. Infinity Ins. Co.*, Case No. 15-cv-03456-JSC, 2015 WL 6095254, at *3 (N.D. Cal. Oct. 15, 2015). While the plaintiff seeks significantly less in damages than he did in *Day I*, the total sought still may be considered "flagrantly inflated" for a case concerning an accident in which the plaintiff's car was parked in a lot at the time of the collision and the complaint does not allege that the plaintiff sought any treatment for injuries caused by the impact, *see* 14AA Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* ("*Wright & Miller*") § 3707, at 747 (2011) (footnote and internal quotation marks omitted), or even that he was in the car at that time. *But see, e.g., Duchesne v. Am. Airlines, Inc.*, 758 F.2d 27, 29 (1st Cir. 1985) (while unlikely that plaintiff injured when bag from overhead bin in airplane fell on her head would recover more than the jurisdictional threshold, case should not be dismissed because such was not legally certain).

When a complaint claims a sum sufficient to satisfy the jurisdictional threshold, a federal court may dismiss the action only "if it is apparent, to a legal certainty, that the plaintiff cannot recover" at least the jurisdictional amount. *EQT Gathering Equity, LLC, v. Marker*, Civil Action No. 2:13-cv-08059, 2014 WL 3880761, at *2 (S.D. W.Va. Aug. 7, 2014) (citation and internal quotation marks omitted). Here, the question is whether the plaintiff has alleged sufficient damages to show that his claims, including the reasonable value of his claims for declaratory and injunctive relief, Complaint, *Day II*, ¶¶ 20(d), 22, 41(p), could amount to a value of $75,000 or more. *See Moss*, 2015 WL 6095254, at *4; 14AA *Wright & Miller* § 3708.

The plaintiff may not be able to survive a later dispositive motion or motions on these grounds, but the allegations in the complaint suffice for purposes of section 1915 review to allege an amount in controversy of at least $75,000. On the face of the complaint, I cannot say to a legal certainty that the plaintiff will not recover at least the jurisdictional amount.

### III. Motion for Service on Defendants

The plaintiff's failure, despite repeated court orders, to supply names and addresses of the defendants to facilitate his requested service of process on them was a key reason for the dismissal of his complaint in *Day I*. *See* ECF No. 27, *Day I*, at 1, 6-7. In his motion for service of process in this case, he rectifies that omission as to the Greys. *See* ECF No. 3, *Day II*. Puzzlingly, however, he neither seeks the court's assistance in serving GEICO and 21st Century nor indicates that he is prepared to do so. *See id*.

For the sake of expediency, I construe his motion broadly and liberally to request service of process on all four defendants and take judicial notice that the Maine Department of Professional and Financial Regulation, Bureau of Insurance, lists the following contacts for GEICO and 21st Century for service of process in this state:

GEICO General Insurance Company
c/o Thompson & Bowie
3 Canal Plaza
Portland, ME  04101-4080
(207) 774-2500

21st Century Centennial Insurance Company
c/o Corporation Service Company
45 Memorial Circle
Augusta, ME  04330-6400
(888) 690-2882 and (302) 636-5454

The motion for service, as so construed, is granted contingent on the court's acceptance of my recommendation that the complaint survive section 1915 review. Should the court accept that recommendation, the United States Marshals Service is directed to serve process on GEICO and 21st Century at the above addresses and on Lorna R. Grey and Kenneth Grey at the address

5

supplied by the plaintiff, 169 Glenmere Road, Port Clyde, ME 04855. *See* ECF No. 3, *Day II*, at [2].[1]

## IV. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis,* recommend that the court permit this case to proceed following section 1915 review, and, should the court accept that recommendation, **GRANT** the plaintiff's motion for service, as construed to encompass all four defendants, and **ENLARGE** the deadline for service of the complaint to 90 days from the date of the court's acceptance of that recommendation.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 8th day of February, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] I have also taken judicial notice of Port Clyde's ZIP code, which the plaintiff neglected to supply.