UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROY A. DAY,                       )
                                  )
        Plaintiff                 )
v.                                )     No. 2:17-cv-00286-JAW
                                  )
LORNA R. GREY, et al.,            )
                                  )
        Defendants                )

## MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTIONS TO EXTEND TIME, SEVER COUNTS, CONDUCT SEPARATE TRIAL, AND STAY PROCEEDINGS

Plaintiff Roy A. Day, acting *pro se*, seeks (i) an extension of time to respond to the motion of defendants Lorna R. Grey, Kenneth Grey, and GEICO General Insurance Company ("GEICO") to dismiss his complaint and (ii) a severance of Count Five of his complaint against defendant 21st Century Centennial Insurance Company ("21st Century"), a separate trial on that count, and a stay of proceedings relating to 21st Century's separate motion to dismiss or, in the alternative, an extension of time to respond to that motion. *See* Plaintiff's Motion To Extend Time To File a Response to Defendants Lorna Grey, Kenneth Grey, and GEICO General Insurance Company's Motion To Dismiss Plaintiff's Complaint ("Plaintiff's Grey/GEICO Motion") (ECF No. 36); Plaintiff's Motion To Sever Count "Five" of Plaintiff's Complaint from Counts "One Through Four" and a Separate Trial by Jury, etc. ("Plaintiff's 21st Century Motion") (ECF No. 37).[1] For the reasons that follow, I deny the plaintiff's motions to sever and conduct a separate jury trial on Count Five and to stay proceedings concerning 21st Century's motion to dismiss, and grant his

---

[1] The filing docketed at ECF No. 37 encompasses three separate motions: a motion to sever Count Five and conduct a separate trial by jury, a motion to stay proceedings on 21st Century's motion to dismiss, and an alternative motion to extend time to respond to 21st Century's motion to dismiss. *See* Plaintiff's Grey/GEICO Motion at 1.

1

motions to extend time in part, to the extent that I extend his deadline to respond to both pending motions to dismiss by 15 days, commencing on the next working day from the date of this opinion, to July 17, 2018, and otherwise deny them.

**I. Motions To Sever Count Five, Conduct Separate Trial, and Stay Proceedings**

The plaintiff alleges that the Greys intentionally drove their vehicle into his parked vehicle in a library parking lot in Pasco County, Florida, on April 29, 2016, causing damage to his vehicle, other economic losses, and mental pain/emotional distress. *See* Complaint (ECF No. 1) ¶¶ 5-6. He brings claims against the Greys and their insurer, GEICO, for "negligence (with an overlay of fraud)" (Count One), *id*. ¶ 13, in the alternative, vicarious liability claims against GEICO and his own insurer, 21st Century (Count Two), *see id*. ¶¶ 22, 26-27, in the alternative, claims against the Greys and GEICO for severe emotional distress (Count Three), *see id*. ¶¶ 29-30, in the alternative, a standalone claim against GEICO (Count Four), *see id*. ¶¶ 32-34, and, finally, a standalone claim against 21st Century for "breach of contract, as associated with fraud and emotional distress" (Count Five), *id*. ¶ 37.

The plaintiff seeks severance and a separate trial of Count Five on the bases that (i) Count Five involves separate issues and questions of law from those raised by Counts One through Four, *see* Plaintiff's 21st Century Motion at 6, ¶ 7, (ii) severance and a separate trial will serve the interests of judicial economy in view of the amount of time he believes it will take him to respond to 21st Century's motion to dismiss, *see id*., and, (iii) absent severance, he will be unable to receive a fair and impartial trial by jury due to 21st Century's alleged prejudice and personal vendetta against him, *see id*. at 6, ¶ 7 & 13.

He represents that he will need to spend "many hours" conducting research and "preparing and filing numerous pleadings" to address 21st Century's motion to dismiss. *Id*. at 6, ¶ 7. He

requests that, if the court severs Count Five and orders a separate trial, it stay proceedings involving 21st Century's motion to dismiss until Counts One through Four are finally resolved. *See id*. at 6, ¶ 8.

The plaintiff's request for severance of Count Five implicates Federal Rule of Civil Procedure 21, and his motion for a separate trial implicates Federal Rule of Civil Procedure 42. Rule 21 provides, in relevant part, that "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. Rule 42 provides, in relevant part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "Separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 559 (1st Cir. 2003) (citation and internal quotation marks omitted).

Rules 21 and 42 serve similar ends. Pursuant to Rule 21, "[e]ven when venue is proper as to all defendants, the court may sever a claim against a party and transfer it to a more convenient forum or sever an unrelated claim and give it separate treatment when doing so would be in the interest of some or all of the parties." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* ("*FPP*") (3d ed. 2001) § 1689, at 517-18 (footnotes omitted). "On the other hand, severance will be refused if the court believes that it only will result in delay, inconvenience, or added expense." *Id*. at 518-19 (footnote omitted).

"The provision for separate trials in Federal Rule 42(b) is intended to further many significant policies – the parties' convenience, the avoidance of delay and prejudice, and the promotion of the ends of justice." 9A Charles Alan Wright & Arthur R. Miller, *FPP* (3d ed. 2008) § 2388, at 92 (footnote omitted). However, "[i]t is the interest of efficient judicial administration

that is to be controlling under the rule, rather than the wishes of the parties." *Id*. at 92-94 (footnote omitted). "The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." *Id*. at 94-96.

As 21st Century notes, *see* Response of Defendant, 21st Century Centennial Insurance Company, to Plaintiff's Motion To Sever Count "Five" of the Complaint and for a Separate Trial, etc. ("21st Century's Response") (ECF No. 39) at 3-4, the plaintiff chose to include Count Five in his complaint, and it arises from the same parking lot incident at issue in Counts One though Four, *see* Complaint ¶¶ 35-41. He did not seek severance or a separate trial until after the defendants filed motions to dismiss his complaint.

While the requested severance/separate trial and stay might serve the plaintiff's interests, they would not serve the interests of judicial economy and would create, rather than alleviate, prejudice. In this case, judicial economy is served by the adjudication of the threshold motions to dismiss, which could moot the question of severance. Moreover, as 21st Century notes, *see* 21st Century's Response at 4, its interests would be prejudiced by the requested lengthy delay in the adjudication of the plaintiff's case against it. 21st Century denies the plaintiff's assertions that it is carrying out a personal vendetta against him, *see id.*, but, even if it were, the plaintiff fails to show that a severance or separate trial, as opposed to the simultaneous adjudication of all five counts of his complaint, would avert any vendetta-related prejudice to him.[2]

For these reasons, the plaintiff's motions to sever Count Five and conduct a separate trial and to stay proceedings relating to 21st Century's motion to dismiss are denied.

---

[2] In his reply brief, the plaintiff contends that, absent separate trials, jurors would confuse facts and law pertaining to the "corrupt" 21st Century with those pertaining to GEICO, asserting that while 21st Century raised assertedly fraudulent orders pertaining to a Delaware case in its motion to dismiss, GEICO did not. Plaintiff's "Response" to Defendant, 21st Century Centennial Insurance Company, etc. (ECF No. 42) at 8-9, ¶ 3. However, 21st Century's argument in support of its motion to dismiss is addressed to the court, not to jurors.

## II. Motions To Extend Time

The plaintiff's responses to both the Grey/GEICO and 21st Century motions to dismiss were due on May 22, 2018. *See* ECF Nos. 30, 32. On May 18, 2018, he filed the instant motions, seeking a 60-day extension of his deadline to respond to the Grey/GEICO motion, *see* Plaintiff's Grey/GEICO Motion at 3, ¶ 4, and an indeterminate extension to at least 100 days after the court's disposition of the Grey/GEICO motion to respond to that of 21st Century, *see* Plaintiff's 21st Century Motion at 7, ¶ 9.

When, as here, a party files a motion to extend time prior to the expiration of the applicable deadline, the court may extend that deadline "for good cause" shown. Fed. R. Civ. P. 6(b)(1)(A).

In support of his motion to extend time to file his response to the Grey/GEICO motion, the plaintiff contends that he needs 60 days to perform the necessary research and to "file a plethora of documents" and that, as a pauper, he is able to get to the law library, a five-hour round trip, only one day per week because of the distance and gasoline cost. Plaintiff's Grey/GEICO Motion at 3, ¶ 4 & 5, ¶ 6. In a similar vein, he contends that he needs at least 100 days following the court's disposition of the Grey/GEICO motion to perform the necessary research to respond to 21st Century's motion and to "file numerous pleadings[.]" Plaintiff's 21st Century Motion at 7, ¶ 9.

As the defendants suggest, *see* 21st Century's Response at 5; Defendants Lorna Grey, Kenneth Grey, and GEICO General Insurance Company's Opposition to Plaintiff's Motion To Extend Time To File Response to Motion To Dismiss [] ("Grey/GEICO Response") (ECF No. 38) at 3, the plaintiff's claimed need for extra time is belied by his filing of the instant lengthy motions, which, moreover, touch on the merits of the motions to dismiss. More recently, the plaintiff has filed not only reply briefs in support of the motions at issue but also a motion for summary

judgment in his favor with respect to his claims against the Greys and GEICO. *See* ECF Nos. 40, 41, & 42.

The plaintiff, thus, fails to demonstrate good cause for the lengthy extensions of time sought. Nonetheless, under the circumstances and in consideration of his *pro se* status, I will extend his deadline to respond to both motions to dismiss by 15 days, commencing on the next business day from today, to July 17, 2018.[3]

### III. Conclusion

For the foregoing reasons, I **DENY** the plaintiff's motions to sever and conduct a separate trial on Count Five and to stay proceedings with respect to 21st Century's motion to dismiss, **GRANT** in part and **DENY** in part his motions to extend time to respond to both the Grey/GEICO and 21st Century motions to dismiss, and **RESET** his deadline to respond to both of those motions to dismiss to July 17, 2018.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 30th day of June, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] The Greys and GEICO request that any grant of the plaintiff's motion to extend time be accompanied by a limit on further filings until such time as the court rules on their motions to dismiss. *See* Grey/GEICO Response at 7. That request is denied without prejudice to its renewal.