UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROY A. DAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:17-cv-00286-JAW |
| LORNA R. GREY, et al., | ) | |
| Defendants. | ) | |

**CONSOLIDATED ORDER ON PENDING MOTIONS AND STATUS**

This case is quickly becoming a procedural Gordian knot. In this Order, the Court reviews the procedural status of the various motions and objections and issues some orders in an effort to clear up the confusion.

The case began simply enough on July 31, 2017 with Mr. Day filing a complaint against Lorna R. Grey, Kenneth Grey (Greys), GEICO General Insurance Company (GEICO), and 21st Centennial Insurance Company (21st Century). *Comp.* (ECF No. 1). Counsel for the Greys and GEICO entered their appearances on March 28, 2018. *Entry of Appe[a]rance on Behalf of Defs. Loran Grey, Kenneth Grey, and GEICO General Ins. Co.* (ECF No. 27, 28).

**I. The Motions to Dismiss, to Sever, to Extend Time and to Stay**

**A. Background**

On May 1, 2018, 21st Century filed a motion to dismiss the complaint together with a statement of fact in support of the motion. *Mot. of Def., 21st Century Centennial Ins. Co., to Dismiss Pl.'s Compl.* (ECF No. 30); *Def., 21st Century Centennial Ins. Co.'s*

*State of Facts in Support of its Mot. to Dismiss Pl.'s Compl.* (ECF No. 31). Also on May 1, 2018, the Greys and GEICO filed a motion to dismiss. *Defs. Loran Grey, Kenneth Grey, and GEICO Gen. Ins. Co.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 32). Mr. Day's response to these motions was originally due on May 22, 2018 under District of Maine Local Rule 7(b). On May 18, 2018, Mr. Day filed a motion to extend the time within which to respond to the motions to dismiss. *Pl.'s Mot. to Extend Time to File a Resp. to Defs. Lorna Grey, Kenneth Grey, and GEICO General Ins. Co.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 36). Mr. Day requested sixty days to respond to the Greys' and GEICO's motion to dismiss. *Id.* at 3.

On the same date, Mr. Day filed a motion to extend time, a motion to sever count five of his Complaint, and a motion to stay proceedings against 21st Century. *Pl.'s Mot. to Sever Count "Five" of Pl.'s Compl. from Counts "One Through Five" and a Separate Trial by Jury; Pl.'s Mot. to Stay Proceedings Pursuant to Def. 21st Century Centennial Ins. Co.'s Mot. to Dismiss Pl.'s Compl.; Pl.'s Mot. to Extend Time to File a Resp. to Def. 21st Century Centennial Ins. Co.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 37). Mr. Day requested that his response to the 21st Century motion to dismiss be extended until after a final resolution of Counts One through Four against the Greys and GEICO. *Id.* at 6.

On June 8, 2018, the Greys and GEICO objected to the motion to extend time. *Defs. Loran Grey, Kenneth Grey, and GEICO General Ins. Co.'s Opp'n to Pl.'s Mot. to Extend Time to File Resp. to Mot. to Dismiss (ECF No. 36)* (ECF No. 38). Also on June 8, 2018, 21st Century responded to Mr. Day's May 18, 2018 motions. *Resp. of Def.,*

*21st Century Centennial Ins. Co., to Pl.'s Mot. to Sever Count "Five" of the Compl. and for a Separate Trial, Mot. to Stay Proceedings as to Def.'s Mot. to Dismiss or, in the Alternative, Mot. to Extend Time to File a Resp. to Def.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 39).

On June 15, 2018, Mr. Day replied to both responses. *Pl.'s "Resp." to Defs.' Lorna Grey, Kenneth Grey, and GEICO General Ins. Co.'s "Opp'n" to Pl.'s Mot. to Extend Time to File Resp. to Mot. to Dismiss* (ECF NO. 41). *Pl.'s "Resp." to Def., 21st Century Centennial Ins. Co. in "Opp'n" to Pl.'s Mot. to Sever Count "Five" of the Compl. and for a Separate Trial, Mot. to Stay Proceedings as to Def.'s Mot. to Dismiss Pl.'s Compl. of, in the Alternative, Mot. to Extend Time to File a Resp. to Def.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 42).

On June 30, 2018, the Magistrate Judge issued a memorandum decision and order on Mr. Day's motions. *Memorandum Dec. and Order on Pl.'s Mots. to Extend Time, Sever Counts, Conduct Separate Trial, and Stay Proceedings* (ECF No. 43). The Magistrate Judge denied Mr. Day's motions to sever and conduct a separate jury trial on Count Five and to stay the proceedings concerning 21st Century's motion to dismiss. *Id.* at 1. The Magistrate Judge granted the motion to extend in part and denied it in part, extending the time for Mr. Day to respond to 21st Century's and the Greys and GEICO's motions to dismiss to July 17, 2018. *Id.* at 1-2.

On July 9, 2018, Mr. Day filed two objections to the Magistrate Judge's June 30, 2018 order and he filed separate motions to extend time. *Pl.'s "Obj." to Magistrate John H. Rich's "Recidivism" Order Dated June 30, 2018 Pursuant to Pl.'s Mot. to Sever*

*Count "Five" of Pl.'s Compl. from Counts "One Through Four" and a Separate Trial by Jury*; *Pl.'s "Obj." to Magistrate John H. Rich's "Recidivism" Order Dated June 30, 2018 Pursuant to Pl.'s Mot. to Stay Proceedings Pursuant to Def. 21st Century Centennial Ins. Co.'s Mot. to Dismiss Pl.'s Compl.*; *Pl.'s "Second" Mot. to Extend Time to File a Resp. to Def. 21st Century Centennial Ins. Co.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 45) (*Day Obj. and Mot. 21st Century*).

On the same day, he filed another objection and motion to extend, this time related to the Greys and GEICO. *Pl.'s "Obj." to Magistrate John H. Rich's "Recidivism" Order Dated June 30, 2018 Pursuant to Pl.'s Mot. to Extend Time to File a Resp. to Defs. Lorna Grey, Kenneth Grey, and GEICO General Ins. Co.'s Mot. to Dismiss Pl.'s Compl.*; *Pl.'s "Second" Mot. to Extend Time to File a Resp. to Defs. Lorna Grey, Kenneth Grey, and GEICO General Ins. Co.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 47) (*Day Obj. and Mot. Greys and GEICO*).

In addition to objecting to the Magistrate Judge's order, Mr. Day moved to extend the time within which to respond to 21st Century's motion to dismiss "to a time in the future after this court has ruled on Defendant GEICO General Insurance Company's motion to dismiss." *Day Obj. and Mot. 21st Century* at 16. He writes that he will need "a minimum of one hundred days to perform legal research and file numerous pleadings in reference to Defendant "21st CCIC's" motion to dismiss." *Id.* Mr. Day made a motion to extend the time within which he must respond to the Greys' and GEICO's motion to dismiss for sixty days. *Day Obj. and Mot. Greys and GEICO* at 26.

### B. Discussion

The law characterizes the Magistrate Judge's rulings in his June 30, 2018 memorandum decision as non-dispositive rulings because none of the rulings disposes of Mr. Day's Complaint and the Magistrate Judge's rulings control only procedural aspects of his case, such as deadlines. 18 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(a). In reviewing a Magistrate Judge's rulings on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Urban Lot St. G. 103*, 819 F.3d 1, 3 (1st Cir. 2016); *Bennett v. Kent Cnty. Mem. Hosp.*, 623 F. Supp. 2d 246, 250 (D.R.I. 2009). "A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The Court is not convinced that the Magistrate Judge committed a mistake or that he misinterpreted or misapplied the law and therefore for the reasons set forth in his Memorandum Decision, the Court affirms the Magistrate Judge's rulings with one exception. Mr. Day objected to the July 17, 2018 deadline for his responses to the pending motions to dismiss, and this deadline is therefore due to expire within a week. As a consequence of his objection, Mr. Day has shortened the time within which his response is due. Accordingly, in fairness to Mr. Day, the Court will grant him an

additional seven days or July 24, 2018 by which time Mr. Day must respond to the pending motions to dismiss. His failure to file a timely response may subject him to sanctions, including dismissal of his Complaint. In order to put into effect this further extension, the Court affirms the Memorandum Decision, but it grants in part his motion to extend time but only through July 24, 2018. The Court denies so much of his motion to extend time as requests additional time beyond July 24, 2018 to file a response to the motions to dismiss.

## II. Motion for Summary Judgment

### A. Background

On June 15, 2018, Mr. Day filed a motion for summary judgment against the Greys and GEICO. *Pl.'s Mot. for Summ. J. Against Def. Lorna R. Grey, Def. Kenneth Grey, Def. GEICO General Ins. Co. (Counts One, Two, Three, Four)* (ECF No. 40). On July 3, 2018, the Greys and GEICO responded in opposition to the motion for summary judgment. *Defs. Lorna Grey, Kenneth Grey, and GEICO General Ins. Co.'s Opp'n to Pl.'s Mot. for Summ. J. (ECF No. 40)* (ECF No. 44). On July 9, 2018, Mr. Day replied to the Greys' and GEICO's response to his motion for summary judgment. *Pl.'s "Reply" to Defs. Lorna Grey, Kenneth Grey, and GEICO General Ins. Co.'s "Opp'n" to Pl.'s Mot. for Summ. J. (ECF No. 40)* (ECF No. 49). With these filings, Mr. Day's motion for summary judgment is now ready for decision.

## III. Conclusion

The Court OVERRULES Roy A. Day's objections to the Magistrate Judge's Memorandum Decision and the Court GRANTS in part and DENIES in part his

motion to extend time to response to the pending motions to dismiss. The Court GRANTS in part and DENIES in part Roy A. Day's motion to extend time within which to answer the pending motions to dismiss and ORDERS Roy A. Day to respond to the pending motion to dismiss no later than July 24, 2018.

SO ORDERED.

Dated: July 10, 2018 /s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
U.S. DISTRICT JUDGE