| | | |
|---|---|---|
| ROY A. DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00286-JAW |
| | ) | |
| LORNA R. GREY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTIONS TO DISMISS

One set of defendants move to dismiss plaintiff's personal injury action on res judicata grounds, alleging that in 2016, a state court dismissed with prejudice a sufficiently similar action, involving identical parties and the same motor vehicle accident. The Court concludes that this claim is precluded under the doctrine of res judicata and grants the defendants' motions. The other defendant moves to dismiss the plaintiff's contractual and fraud claims because the plaintiff failed to allege a provision of the contract that it breached and because the contract's silence does not amount to fraud. The Court agrees with the defendant and dismisses the contractual and fraud claims.

## I.     BACKGROUND

On November 7, 2016, Roy A. Day, proceeding pro se, filed suit against Lorna and Kenneth Grey (the Greys), GEICO General Insurance Company (GEICO), and 21st Century Centennial Insurance Company (21st Century) in Cumberland County Superior Court. *Mot. to Dismiss*, Attach 2, *Ex. 2* at 1 (ECF No 32) *(Compl. in State*

*Action*).   In his state court Complaint, Mr. Day alleged "negligence (with an overlay of fraud)," and claimed that he suffered damages from a motor vehicle accident involving the Greys that "arose out of a[] vehicle accident which occurred on April 29, 2016, in Pasco County, Florida," that the accident took place "in the Hudson Library parking lot," and that the vehicles involved were his "2015 Chevrolet Spark" and the Greys' motor vehicle.  *Id.* ¶¶ 1-8.  In his state court Complaint, Mr. Day alleged that one of the Greys "was driving a vehicle in a willful, intentional, malicious, and cunning, deceptive, and misleading (fraudulent) conduct at a high rate of speed. . . with a fit of rage to willfully, intentionally, and maliciously cause damage to specific vehicles as a target."  *Id.* ¶ 7.  He also alleged that 21st Century insured his motor vehicle and that GEICO insured the Greys' motor vehicle.  *Id.* ¶¶ 1, 2.

The Greys and GEICO moved to dismiss Mr. Day's Complaint pursuant to Maine Rule of Civil Procedure 12(b)(6).[1]  *Id.*, Attach. 3, *Ex. 3* (ECF No. 32-3) (*Mot. to Dismiss in State Action*).  On July 11, 2017,[2] Superior Court Justice Lance Walker granted the Defendants' motion and ordered "that all of the Plaintiff's claims as against Defendants Lorna Grey, Kenneth Grey, and GEICO General Insurance Company are Dismissed with Prejudice."  *Id.,* Attach 4, *Ex. 4* (ECF No. 32-4) (*Order in State Action*).[3]  On March 15, 2018, the Maine Supreme Judicial Court affirmed

---

[1]     The Defendants included as attachments to their motion to dismiss selected filings from the state court action, *Mot. to Dismiss* (ECF No. 32) (*Defs.' Mot.*), but they did not include the State Court Docket Sheet.  The Court is missing certain filing dates, which do not appear to be material.
[2]     Dated July 10, 2017, Justice Walker's order was docketed July 11, 2017.  *Order in State Action* at 1.
[3]     Mr. Day appealed to the Maine Supreme Judicial Court.  *See Day v. Grey*, Law Court No. Mem. 18-18 (Mar. 15, 2018).  Mr. Day appealed Justice Walker's denial of his motion to amend his complaint, not the dismissal.  *Id.* at 1 ("Day appeals only the court's denial of his motion to amend pursuant to

the judgments against Mr. Day. *Day v. Grey*, Law Court Docket No. Mem. 18-18 (Mar. 15, 2018).

Meanwhile, on June 3, 2016, Mr. Day filed suit in this Court against the same parties, again alleging that on April 29, 2016, the Greys deliberately drove their car into his, which was parked in a library parking lot in Florida, causing him pain and suffering as well as economic loss. *See generally Compl.* ¶¶ 1-34 (ECF No. 1); *Day v. Grey*, (*Day I*) No. 2:16-cv-00275-JAW (D. Me.) (*Compl. in Day I*). He also alleged claims against 21ˢᵗ Century, the insurer of his vehicle at the time of the accident, for breach of contract and fraud, alleging that they did not state with specificity in his contract that they do not allow "direct billing" from the rental car company from whom he rented a vehicle only from Enterprise Rent-A-Car, causing him to suffer "severe emotional distress." *Compl.* at 14. This time, he invoked diversity jurisdiction, stating that he resides in Florida, that the Greys reside in Maine, that GEICO is a Washington, D.C., corporation, and that 21ˢᵗ Century is a Delaware corporation; he sought damages in a sum exceeding the jurisdictional amount. *See id.* ¶¶ 1-5, 28.

On July 28, 2017, the Court dismissed *Day I* without prejudice, *see J. of Dismissal* (ECF No. 28), after Mr. Day "failed to comply with the Court's orders requiring him to supply the Clerk's Office with the names and addresses of the Defendants for service of the summons and complaint," as well as choosing "a state forum as a 'more compatible court' to proceed with this same lawsuit" and electing

---

Docket No. Cum-17-346"). The Maine Supreme Judicial Court concluded that Justice Walker did not abuse his discretion in denying Mr. Day's motion to amend and affirmed the judgments.

"to cast aspersions against the judges of this Court rather than comply with their orders[.]" *Order on Mot. to Stay and Affirming Dismissal of Compl.* at 1-8 (ECF No. 27).

On July 31, 2017, the very next business day, Mr. Day initiated this suit (*Day II*) against the Greys, GEICO, and 21st Century by filing an amended version of his *Day I* Complaint. *Compl.* (ECF No. 1). The claims and facts in the *Day II* Complaint are identical to the claims and facts in the state court action, as is the type of relief sought. *Compare id.*, with *Compl. in State Action*. The only relevant difference is that in the federal complaint, Mr. Day alleges facts to establish diversity jurisdiction and requests higher damages, *Compl.* at 1-11; in the state court action, Mr. Day, with the federal jurisdictional limit in mind, capped his damages at $74,000. *Compl. in State Action* at 1, 3, 6 ("Accordingly, with each and all damages, as requested in each specific Count (Count One through Count Four), set at $74,000. (Seventy-Four Thousand Dollars), the State Court of Maine has competent jurisdiction of the instant Complaint, and NOT Federal Court").

On August 19, 2017, the Mr. Day filed an appeal of the judgment against him in *Day I* to the United States Court of Appeals for the First Circuit. *See Day I, Not. of Appeal* (ECF No. 29). On September 5, 2017, a Magistrate Judge of this District stayed this case pending the outcome of Mr. Day's appeal in *Day I*. *Order Staying Case* (ECF No. 12). On December 4, 2017, the Court of Appeals for the First Circuit affirmed the dismissal of Mr. Day's Complaint, *J.* (ECF No. 36), and on December 27, 2017, the First Circuit issued its mandate. *Mandate* (ECF No. 37).

Returning to this lawsuit, on March 22, 2018, Mr. Day filed a motion for a declaratory ruling and a motion for an emergency ruling. *Mot. for Declaratory Ruling, Mot. for Emergency Ruling* (ECF No. 19). On May 1, 2018, the Greys and GEICO filed a motion to dismiss for failure to state a claim.[4] *Mot. to Dismiss for Failure to State a Claim* (ECF No. 32) (*Greys' Mot*). Mr. Day responded to the Greys' motion on July 14, 2018. *Resp. to Mot. to Dismiss for Failure to State a Claim* (ECF No. 51) (*Pl.'s Opp'n to Greys' Mot*.). The Greys replied on July 24, 2018. *Reply to Resp. to Mot. to Dismiss for Failure to State a Claim* (ECF No. 57) (*Greys' Reply*).

On the same day that the Greys filed their motion to dismiss, 21st Century also moved to dismiss. *Mot. to Dismiss Pl.'s Compl.* (ECF No. 30) (*21st Century's Mot*.). Mr. Day responded in opposition on July 22, 2018. *Resp. in Opp'n to Mot. to Dismiss Pl.'s Compl.* (ECF No. 55) (*Pl.'s Opp'n to 21st Century's Mot*.). 21st Century replied on August 6, 2018. *Reply to Resp. to Mot. to Dismiss* (ECF No. 64) (*21st Century's Reply*).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) allows

---

[4]     In addition to the filings listed here, Mr. Day filed a motion for summary judgment against the Greys. *Mot. for Summary J. Against Defs. Lorna R. Grey, Kenneth Grey, Geico General Insurance Company* (ECF No. 40). Also pending is Mr. Day's motion for sanctions against the Greys and 21st Century. *Third Mot. for Sanctions (*ECF No. 71). As the Court is granting the Greys' motion to dismiss, the Court dismisses as moot both Mr. Day's motion for summary judgment and his motion for sanctions.

a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, the pleading must contain "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Facial plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, a court "must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir. 2001). The Defendants are entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.,* 240 F.3d 83, 87 (1st Cir. 2001).

Generally, in deciding a motion to dismiss, a court may not consider any document outside of the pleadings, unless the motion is converted into a motion for summary judgment. *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993). There is a narrow exception, however, "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or

for documents sufficiently referred to in the complaint." *Id.; see also Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) ("when the factual allegations of a complaint revolve around a document whose authenticity is unchallenged, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)") (citations and internal quotation marks omitted).

### B.      Pro Se Litigants

Courts are generally more relaxed about compliance with procedural rules when a litigant is acting pro se. "The Supreme Court has long held that complaints drafted by non-lawyers are to be construed with some liberality." *Insituto de Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Even so, the First Circuit has written that "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Rivera v. Riley*, 209 F.3d 24, n.2 (1st Cir. 2000).

## III.    THE GREYS' AND GEICO'S MOTION TO DISMISS

### A.      Positions of the Parties

#### 1.      The Greys' Motion

The Greys and GEICO (the Greys) contend that "this action is barred by a previous action brought in the Maine Superior Court, Cumberland County, and dismissed with prejudice on its merits." *Greys' Mot.* at 1. They allege that Mr. Day's initial action in Federal Court, which was dismissed without prejudice, was dismissed in part because Mr. Day represented that Cumberland County Superior Court is his

preferred forum for which to pursue his claims. *Id.* at 2. The Greys further allege that Mr. Day failed to provide this Court with information regarding his state court action in the "Related Cases" section of his cover sheet, preventing this Court from effectively screening the duplicate lawsuit. *Id.* As background, the Greys detail Mr. Day's extraordinarily litigious history, which includes the Florida State Supreme Court referring to Mr. Day as "an abusive litigant", and the United States Supreme Court calling him "an abuser of [its] certiorari process." *Id.* at 8.

In support of their argument of claim preclusion, the Greys note that "this action and the State Court Action involve the exact same parties." *Id.* at 11 (citing *Camps Newfound/Owatonna Corp. v. Town of Harrison, et al.*, 1998 ME 20, ¶ 11, 705 A.2d 1109). They further aver "by mere comparison of the two complaints . . . both actions arise from the 'same aggregate of operative facts", because "both actions involve a motor vehicle accident that occurred on April 29, 2016, in Pasco County, Florida, in which Mr. and Mrs. Grey accidentally struck Mr. Day's unoccupied vehicle while parked in a library parking lot." *Id.* Finally, the Greys point to Justice Walker's order dismissing Mr. Day's claim with prejudice as evidence of "a valid final Judgment entered in the Grey and GEICO Defendants' favor on claims asserted by Mr. Day on these same operative facts." *Id.*

### 2. Roy A. Day's Response

Mr. Day's opposition, in large part, is not responsive to the Grey's motion or to this lawsuit. *See generally Pl.'s Opp'n to Grey's Mot.* at 1-29. He does argue, however, that the state court action was not dismissed on its merits, because "NONE OF THE

FACTS AND ISSUES HAVE BEEN ENTERTAINED BY THE MAINE STATE COURTS." *Id.* at 5 (capitalization in original). He contends that his due process rights were violated in his state court action, and that the "Maine State Court Judge conspired to illegally dismiss the Amended Complaint. To have the case move forward expeditiously again, Plaintiff immediately filed a second Amended Complaint as a 'new' Complaint . . .." *Id.* at 5-6.

Mr. Day further asserts that he did not actually prefer to proceed in state court. *Id.* at 6. He says that he prefers the federal courts, "due to serving parties at no cost and expense as a pauper, and on filing electronically at no cost and expense as a pauper." *Id.* However, because of "a delay in the Federal Courts," Mr. Day "let the court know that he would proceed with the Maine State Court case." *Id.* "Unknown to Plaintiff, was that a 'covert-criminal-operation' was being orchestrated against Plaintiff to ensure Plaintiff's Amended Complaint would not be heard, and Plaintiff would not be able to obtain . . . 'collateral damages,' even though Plaintiff was entitled to the said 'collateral damages.'" *Id.* Mr. Day opposes the Defendants' "attempts to 'fraudulently' compare the instant Complaint to the Maine State Court case sounding in contract law," because the case before this Court concerns "Vehicle Insurance Contract Law." *Id.* at 11. Finally, Mr. Day cites the standard a complaint must meet to withstand a motion to dismiss. *Id.*

### 3.    The Greys' Reply

In reply, the Greys contend that the state court action was dismissed on its merits, citing Maine Rule of Civil Procedure 41(b), which states, "[u]nless the court

in its order for dismissal otherwise specifies . . . any dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." *Greys' Reply* at 1. The Defendants further note that "this Court has indicated previously that [a] dismissal with prejudice, unless the court has made some other provision, in subject to the usual rules of res judicata. . .." *Id.* at 2 (quoting *Sineni v. Estabrook*, No. 2:15-cv-00368-JAW, 2016 U.S. Dist. LEXIS 176373, at *9 (D. Me. Dec. 21, 2016) (citing 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2367 (3d ed. 2008)).

In response to Mr. Day's argument that the state court action somehow differs from the instant action, the Greys outline the 'same transaction' test the state of Maine uses to determine if the two suits arise from the same cause of action. *Id.* at 3 (citing *Sigemund v. Shapland*, Docket No. 01-277-P-H, 2002 U.S. Dist. LEXIS 18160, at * 19-20 (D. Me. Sept. 26, 2002)). Under Maine law, the court examines the "aggregate of connected operative facts" to determine whether the same cause of action was before the court in both cases. *Id.* (citing *Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 6, 704 A.2d 866 (Me. 1997)). The Greys contend that Mr. Day does not "explain in what ways the operative facts comprising his claims in the state court action are different in kind from those presented in this action", "presumably . . . because . . . the operative facts presented in this matter are identical, or at a minimum, functionally identical . . . to those of the State Court Action." *Id.*

### B.   Doctrine of Res Judicata

The Maine Supreme Judicial Court outlined the principle of res judicata in *Currier v. Cyr,* noting that the doctrine is premised on "concerns of judicial economy, the stability of final judgments, and fairness to litigants." 570 A.2d 1205, 1208 (Me. 1990).

> Justified by concerns of judicial economy, the stability of final judgments, and fairness to litigants, the doctrine of res judicata bars the relitigation in a present action of all issues that were tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action.

*Id.*

"Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." *Giragosian v. Ryan*, 547 F.3d 61, 63 (1st Cir. 2008) (quoting *In re Sonus Networks, Inc.*, 499 F.3d 47, 56 (1st Cir. 2007)); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008) ("A federal court sitting in diversity must apply state law to determine the preclusive effect of an earlier state court judgment").

In Maine, res judicata includes both claim and issue preclusion. *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 8, 940 A.2d 1097. To determine whether a claim is precluded, Maine applies the 'same transaction' test, "examining the aggregate of connected operative facts . . . to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought

redress for essentially the same basic wrong." *Norton v. Town of Long Island*, 2005 ME 109, ¶ 18, 883 A.2d 889 (internal quotation marks omitted). "An order of dismissal for failure to state a claim is technically an adjudication on the merits" and therefore a valid, final judgment, "unless leave is granted to amend the complaint." *Dutil v. Burns*, 1997 ME 1, ¶ 5, 687 A.2d 639 (citing 1 RICHARD H. FIELD, VINCENT L. MCKUSICK & L. KINVIN WROTH, MAINE CIVIL PRACTICE § 12.11 (2d ed. Supp. 1981)). Similarly, "a dismissal with prejudice 'operate[s] as an adjudication on the merits.'" *Johnson*, 1997 ME 220 ¶ 8 n.3, 123 A.3d 216.

### C.    DISCUSSION

The Greys' motion to dismiss is premised on the doctrine of res judicata, which precludes relitigation in a present action of all issues that were tried, or may have been tried, in a prior action if three conditions are met. *Cyr,* 570 A.2d at 1208. First, "the same parties or their privies must be involved in both actions." *Id.* Second, the prior action must have resulted in a "valid final judgment." *Id.* Third, the matters at issue "were, or might have been litigated, in the prior action." *Id.*

Here, the three conditions are met, and the present claim is barred. The first condition is easiest to resolve, as it is not disputed: the same parties are named as defendants to both the state court action and this action. The second condition—that the prior action resulted in a final judgment— is similarly straightforward, despite the parties' opposing positions. Justice Walker issued the order dismissing the state court action with prejudice, which under Maine law constitutes an adjudication on the merits. *Johnson*, 1997 ME 220 ¶ 8 n.3, 123 A.3d 216.

The final condition for the instant action to be barred— whether the same matters were litigated, or could have been litigated, in the prior action— is also in dispute. Mr. Day's contention that the two actions differ because one involves state tort claims while the other involves "Vehicle Insurance Contract Law" is not adequately supported. Mr. Day states in both complaints:

> All damages and any other and further relief claimed in this Complaint arose out of a vehicle accident which occurred on April 29, 2016, in Pasco County, Florida . . . Defendants [were] driving a vehicle in a willful, intentional, malicious, and 'cunning, deceptive, and misleading' . . . conduct at a high rate of speed in a library parking lot . . . with a fit of rage to willfully, intentionally, and maliciously cause damage to 'specific vehicles' as a 'target.'

*Compl. in State Action* at 3; *Compl.* at 2-3. This statement demonstrates that the two actions as Mr. Day described them in functionally identical complaints arose from a common nucleus of operative effects, sought relief for the same wrong, and ultimately, arose from the same transaction. As such, the claim is precluded under Maine's doctrine of res judicata, and the Court grants the Greys' motion to dismiss.

## IV.    21st CENTURY'S MOTION TO DISMISS

### A.    21st Century's Motion

21st Century separately moves to dismiss Mr. Day's Complaint pursuant to Federal Rule of Procedure 12(b)(6), alleging that Mr. Day failed to state a cause of action for breach of contract or fraud. *21st Century's Mot. to Dismiss* at 2, 4. According to 21st Century, the substantive law of Florida applies to Mr. Day's claim because Florida meets the "most significant relationship" test applicable under Maine's choice of law rules. *Id.* at 4 (citing *Baybutt Constr. Corp. v. Union Ins. Co.*, 455 A.2d 914,

13

918 (Me. 1983)).  21st Century argues that "the insurance contract was entered into in Florida and negotiated in Florida.  Plaintiff is a Florida resident.  His vehicle was registered in Florida and the subject accident occurred in Florida.  The principal location of the injured risk was in Florida."  *Id*. at 5.  According to 21st Century, its place of business for the purposes of this action is in Florida, and it has no contacts with the state of Maine.  *Id*.

21st Century sets forth the elements of a breach of contract cause of action under Florida law as "(1) a valid contract, (2) a material breach, and (3) damages."  *Id*. at 5 (citing *Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014)), and argues that Mr. Day "fails to set forth any material breach of the insurance contract," because a failure to allow "direct billing" as to rental vehicles "does not go to the essence of the contract and thus does not constitute a material breach."  *Id*.

21st Century also notes that Mr. Day fails to allege specific damages as a result of the alleged breach of contract, but "claims to have suffered 'severe emotional distress,' including 'fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed' for which he seeks $200,000 in damages."  *Id*. at 5-6.  According to 21st Century, to be recoverable under Florida law, damages must arise naturally from the breach, "or have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach."  *Id*. at 6 (citing *Essex Builders Grp., Inc. v. Amerisure Ins. Co.,* 485 F. Supp. 2d 1302, 1306-08 (M.D. Fla. 2006)).  Similarly, 21st Century argues that "[a]lthough

14

consequential damages may be recoverable for breach of an insurance contract, such recovery may not include damages for emotional distress." *Id.* (citing *Baldwin v. Northwestern Mut. Life Ins. Co.*, 1996 U.S. Dist. LEXIS 10487, *1 (D. Me. 1996)). 21st Century further avers that under the impact rule, "a person cannot recover compensatory damages for mental distress or psychiatric injury in the absence of a discernible physical injury or tortious conduct so egregious so as to justify imputation of malice and assessment of punitive damages." *Id.* (citing *Brown v. Cadillac Motor Car. Div.,* 468 So.2d 903 (Fla. 1985); *Butchikas v. Travelers Indemnity Co.*, 343 So. 2d 816, 819 (Fla. 1977)). According to 21st Century, under this rule, because Mr. Day does not allege a physical injury, he cannot sustain a breach of contract claim. *Id.*

Next, 21st Century argues that Mr. Day fails to state a cause of action for fraud, because he does not meet the heightened pleading requirement under Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). *Id.* at 6-7. 21st Century argues that Mr. Day fails to establish a claim of fraud because:

> Nowhere in the Complaint does Plaintiff set forth any false statement made by 21st Century concerning a material fact about its "direct billing" requirements; that 21st Century had the requisite knowledge it made such a false representation; that 21st Century intentionally induced Plaintiff to rely on such representation; and-or that Plaintiff suffered an injury in reliance upon such representation.

*Id.* at 7.

Finally, 21st Century argues that the Court should dismiss the Complaint under the doctrine of comity, because "Plaintiff has previously filed an identical claim against 21st Century in the State of Delaware . . . which was dismissed since it was

subject to litigation injunctions and other filing procedures implemented by the Delaware and Florida federal courts in response to Plaintiff's vexatious litigation habits . . .." *Id.* at 14-15.

### B. Mr. Day's Response

Mr. Day filed a seventy-one-page response along with 257 pages of exhibits. *Pl.'s Resp. in Opp'n to Mot. to Dismiss* (ECF No. 55) (*Pl.'s Opp'n to 21st Century's Mot.*). The response, in large part, references lawsuits other than this suit, discusses defendants not listed in Mr. Day's Complaint, and describes incidents not referred to in his Complaint. Mr. Day's response also contains extensive derogatory and offensive language. For example, Mr. Day states that "Defendant '21st CICC' is a 'SLEEZY, CORRUPT, DISHONEST, AND UNETHICAL' business pertaining to business practices and behavior (hereafter Defendant 21st CCIC is designated as Defendant 'SCDUB' – Defendant 'Sleazy, Corrupt, Dishonest, Unethical Business.')." *Id.* at 6 (capitalization in original).

Mr. Day argues that his claims are not barred as a matter of law under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 10. He claims that the Court "needs to strike all the case law used by [the] Defendant [] . . . pertaining to . . . [the] motion to dismiss. It is garbage and trash!" *Id.* Mr. Day argues because Count Five of his Complaint "states the ultimate facts sufficient to indicate the existence of a cause of action and inform Defendants of the nature of the action against him, complaint is sufficient as enumerated in the above-entitled Greenwald case, and Lewis State Bank case." *Id.* (citing *Greenwald v. Triple D Props., Inc.*, 424 So. 2d 185, 186 (Fla. Dist. Ct. App.

1983); *Lewis State Bank v. Travelers Ins. Co.*, 356 So. 2d 1344, 1346 (Fla. Dist. Ct. App. 1978)).

Mr. Day agrees that Florida substantive law applies to his claims. *Id.* at 13. Under Florida law, he contends that the elements of fraud are met. *Id.* Mr. Day further avers that the elements of intentional infliction of emotional distress are met in his complaint, because "[m]alice is implicit in action for intentional infliction of emotional distress, which action permits not only punitive damages but also damages for mental suffering." *Id.* at 11 (citing *Cape Publ'ns, Inc. v. Bridges*, 387 So. 2d 436, 438 (Fla. Dist. Ct. App. 1980)).

Mr. Day contests 21st Century's argument that "direct billing" is not a material element of the contract and therefore does not constitute breach. According to Mr. Day, "[a]ny issue that involves DOLLARS and CENTS is a MATERIAL BREACH!" *Id.* at 15. (capitalization in original). He further avers, "[i]f this court finds any deficiencies in Plaintiff's Complaint, Plaintiff has a clear [right] to amend COUNT FIVE as enumerated in the above-entitled Harris case." *Id.* at 23 (citing *Harris v. Cuyler*, 664 F.2d 388 (3d Cir. 1981)). Finally, Mr. Day contests the allegation that he is a vexatious litigator, arguing that he "has never filed a baseless lawsuit, and has never attacked litigants, court employees, and judges." *Id.* at 56. He argues that he "did not file the instant action in this federal court to avoid sanctions, since venue and jurisdiction are proper, and the facts and issues have not been entertained and reached!" *Id.* at 63.

C.     **21st Century's Reply**

17

In reply, 21st Century states:

> Nowhere in the 71-page Response does plaintiff cite to any factual
> content that has been plead which would allow this Court to draw the
> reasonable inference that 21st Century is liable for breach of contract,
> fraud and/or emotional distress. Plaintiff cannot rely upon unspecified
> facts and a non-existent Amended Complaint to withstand 21st
> Century's Motion to Dismiss.

*Reply to Resp. to Mot. to Dismiss* (ECF No. 64) (*21st Century's Reply*) at 2-3.

In response to Mr. Day's contention that "the litigation injunction procedures
implemented by the Delaware and Florida federal courts in response to Plaintiff's
vexatious litigation habits, including the imposition of monetary sanctions . . . are
'garbage and trash'" entered into by agreement of the courts in order to deny him
access to the courts, 21st Century reiterates its argument that this cause of action
should be prohibited under the doctrine of comity. *Id.* at 3.

## D. Discussion

### 1. Breach of Contract Claim

To obtain relief for a breach of contract, the plaintiff must demonstrate that
the defendant breached a material term of the contract, and that the breach caused
the plaintiff to suffer damages. *Tobin v. Barter*, 2014 ME 51, ¶ 10, 89 A.3d 1088,
1092 (citations omitted); *Ferguson Enters.*, 137 So. 3d at 615.[5] A material breach of

---

[5] The parties agree that Florida substantive law applies. *21st Century's Mot.* at 4 ("As a
preliminary matter, Florida substantive law applies to Plaintiff's claims"); *Pl.'s Opp'n to 21st Century's
Mot.* at 13 ("Primo, Plaintiff '**admits**' that 'as a preliminary matter, Florida substantive law applies to
Plaintiff's claims'"). The Court need not engage in a choice of law analysis because on the issue of the
elements necessary to prove claims of breach of contract and fraud, Florida and Maine law are
congruent. Regarding the elements of a contract claim, each state requires a material breach of a
contractual term, which caused damages. Maine law differs from Florida law as to whether a plaintiff
may claim emotional damages from a breach of contract, but the Court need not address this difference
because it is not necessary to resolve the pending motion to dismiss. Although phrased slightly
differently, the elements of a fraud claim are identical in Florida and Maine.

contract is a "non-performance of duty that is so material and important as to justify the injured party in regarding the whole transaction is at an end." *Cellar Dwellers, Inc. v. D'Alessio*, 2010 ME 32, ¶ 16, 993 A.2d 1, 5; *Covelli Family, LP v. ABG5, LLC*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008) (A material breach is "a failure, without legal excuse, to perform any promise or obligation or that goes 'to the essence of the contract'").

Here, the parties dispute whether the alleged breach was material. According to 21st Century, the policy's alleged failure to allow a specific rental car company to bill the insurance company directly is not material to the contract. *21st Century's Mot.* at 5. Mr. Day argues that the breach was material because it resulted in him having to spend eight hours looking for a rental vehicle. *Pl.'s Reply to 21st Century Mot.* at 11. He acknowledges, however, that the contract is silent as to direct billing with rental car companies. *Compl.* at 14. Although neither party provided the Court with a copy of the contract, Mr. Day maintains that the contract did not address the issue of direct billing of rental car companies at all, and the Court is required to accept as true Mr. Day's factual allegations in his Complaint. Mr. Day has not demonstrated that he has a right to sue for breach of contract based on a contractual obligation on which the contract itself is silent. *Tobin*, 2014 ME 51, ¶ 10 (To obtain relief for breach of contract, a plaintiff must demonstrate that "the defendant breached a material term of the contract"); *Asset Mgmt. Holdings, LLC v. Assets Recovery Ctr. Invs., LLC*, 238 So. 3d 908, 912 (Fla. 4th DCA 2018) ("The elements of an action for breach of contract are (1) the existence of a contract, (2) a breach of the contract, and (3)

19

damages resulting from the breach"). As Mr. Day failed to point to a contract term that 21st Century breached, the Court concludes that Mr. Day has not alleged facts sufficient on his breach of contract claim to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.

### 2. Fraud Claim

The Court turns to what it construes as Mr. Day's fraud claim against 21st Century. *See Compl.* at 14 ("This is a civil action brought for a breach of contract, as associated with fraud and emotional distress"). To sustain a fraud claim, the plaintiff must show:

> (1) a false statement of fact; (2) known by the defendant at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff.

*Guiggey v. Bombardier,* 615 A.2d 1169, 1173 (Me. 1992); *Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. 5th DCA 2010).

Mr. Day alleges that his contract with 21st Century "lacks specificity, and is vague, ambiguous, and overbroad . . . If Plaintiff would have been provided a 'true and correct' contract that was not 'VOID' of a statement on 'direct billing' . . . Plaintiff never would have obtained vehicle insurance from the Defendant . . . ." *Compl.* at 14. Taking all reasonable inferences in favor of Mr. Day, his allegation that the contract was silent on the issue of direct billing is not sufficient to demonstrate the 21st Century knowingly made a false statement of fact, and he has failed to properly make out a cause of action for fraud.

The Court holds that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Mr. Day has not met his obligation to allege a "legally cognizable right of action" in his claims against 21st Century, and the Court grants 21st Century's motion to dismiss.

### 3. Leave to Amend Complaint

Finally, the Court addresses Mr. Day's request that he be allowed to amend his Complaint in the event the Court concludes that the current Complaint is insufficient. *Pl.'s Reply to 21st Century Mot.* at 23 ("If this court finds any deficiencies in Plaintiff's Complaint, Plaintiff has a clear [right?] to amend COUNT FIVE as enumerated in the above-entitled Harris case"). Mr. Day cites a Third Circuit case, *Harris v. Cuyler*, 664 F.2d 388 (3d Cir. 1981). It is true that Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." FED. R. CIV. P. 15(a). However, a court is not obligated to allow a party to amend a complaint when the amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Mr. Day has not presented the Court with a proposed amended complaint that would, in his view, cure the deficiencies that 21st Century alleges in its motion. Instead, he asks only to be allowed to amend Count Five, the breach of contract and associated fraud count if the Court finds Count Five defective. *Pl.'s Reply to 21st Century Mot.* at 23. The problem is that the Court views the allegations in Mr. Day's Complaint as fundamentally flawed. He charges 21st Century with breaching a contract term that does not exist in the signed contract and he further charges it with fraud for failing to insert a contract term that he believes should have

been, but was not, in the contract. The Court sees no conceivable way these theories could become viable claims based on the facts that Mr. Day has himself alleged to date or that he could allege in the future. "Leave to amend may be denied . . . if the proposed complaint amendment would be futile." *Buzzell v. Skowhegan Savs. Bank*, Nos. 16-cv-280-PJB, 16-cv-281-PJB, 16-cv-282-PJB, 2017 U.S. Dist. LEXIS 5182, at *5 (D. Me. Jan. 13, 2017) (citing *Morgan v. Town of Lexington*, 823 F.3d 737, 742 (1st Cir. 2016)).

## V. CONCLUSION

(1) The Court GRANTS the Defendants' Lorna R. Grey, Kenneth Grey, and GEICO General Insurance Company's Motion to Dismiss (ECF No. 32).

(2) The Court GRANTS the Defendant 21st Century Centennial Insurance Company's Motion to Dismiss (ECF No. 30).

(3) The Court DISMISSES the Plaintiff Roy A. Day's Motion for Summary Judgment (ECF No. 40) as moot.

(4) The Court DISMISSES the Plaintiff Roy A. Day's Third Motion for Sanctions (ECF No. 71) as moot.


SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2019